UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
January 26, 2016
David J. Bradley, Clerk

United States of America, §
§
       Plaintiff, §
§
versus §  Criminal H-16-3
§
Omar Faraj Saeed Al Hardan, §
§
       Defendant. §

# Amended Order of Detention Pending Trial

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held. I conclude that these facts are established by clear and convincing evidence and require the detention of Omar Faraj Saeed Al Hardan pending trial in this case.

## Findings of Fact

A. Findings of Fact [18 U.S.C. § 3142(e)]

    (1) There is probable cause to believe that Omar Faraj Saeed Al Hardan has committed an offense under 18 U.S.C. § 2339B – attempting to provide material support to a designated Foreign Terrorist Organization – for which a maximum term of imprisonment of ten years or more is prescribed.

    (2) 18 U.S.C. § 2339B is an offense listed in section 18 U.S.C. § 2332 (g)(5)(B).

    (3) He has not rebutted the presumption established by findings (1) and (2): that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

B.  Alternative Findings of Fact [18 U.S.C. § 3142(f)(1)]

   (1)  He has been charged with an offense listed in § 2332 (g)(5)(b) for which a maximum term of imprisonment of 10 years or more is prescribed.

   (2)  No condition or combination of conditions will reasonably assure the appearance of defendant and the safety of the community.

C.  Alternative Findings of Fact [18 U.S.C. § 3142(f)(2)]

   (1)  He is accused of (a) attempting to provide material support to a Foreign Terrorist Organization; (b) attempting to procure naturalization unlawfully; and (c) making a false representation to an agency of the United States of America.

   (2)  He represents a danger to the community.

   (3)  There is a serious risk that he will flee.

## Written Statement of Reasons for Detention

I find that the accusations in the indictment, the information submitted in the Pretrial Services Agency report, and evidence at the detention hearing establish by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that no conditions will assure the safety of the community.

I conclude that these factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Al Hardan, age 24, was born in Baghdad, Iraq. He has lived in Jordan and spent approximately nine months in a refugee camp in Iraq near the border of Syria. In 2009, he immigrated to the United States of America as a Palestinian refugee. He is a legal permanent resident of the United States. He does not have a passport from any country.

2. Al Hardan has lived in Texas for six years – some in Dallas, some in Houston. At the time of his arrest, he shared a leased residence with his wife, son, and parents. His toddler son is a United States citizen; his wife and parents are legal permanent residents as refugees. After his arrest, his family was evicted; he does not have a stable living situation or residence.

3. Al Hardan recently has had three part-time jobs. First, he has worked as a limousine driver. His second and third jobs, which account for the majority of his income, are acting as the home caretaker for his disabled parents. That is, the whole family cluster in Houston are wards of the state.

4. Al Hardan is currently charged with (a) attempting materially to support the Islamic State of Iraq and the Levant, ISIL; (b) swearing falsely in his application for naturalization that he was not associated with a terrorist organization; and (c) falsely denying that he had received machine gun and tactics training.

5. A confidential witness says that Al Hardan received machine gun and military tactic training to prepare to join ISIL in Syria, some of which is on film. The witness also says that Al Hardan said that he would resist arrest or lie if caught.

6. Al Hardan has no prospects. He does not have meaningful ties to Houston and has ties to foreign territories. He owns no property and has no stable residence

in the United States. Moreover, his family ties are not a support system that would assure his appearance as required, that mitigate the threat he posses to the community and specific individuals, or that would prevent his fleeing.

7. The investigating agent testified that Al Hardan's father – a co-habitant and his home healthcare patient – participated in videos recreating and idealizing car bombings in other countries. He lit fireworks inside of his apartment.

8. The agent testified other family members and friends regularly spoke with Al Hardan about ISIL and martyrs and could give him access to weapons.

9. The agent testified that Al Hardan's relationship with his wife is not a tether to the community.

10. Al Hardan has ties to the foreign country, Jordan, because his sisters live there, he is in contact with them, and he sends them money. He also has ties to Iraq and Palestinian territory.

11. The agent testified that Al Hardan repeatedly contacted a person who claimed to be an active member of ISIL. That person said that he had traveled to Syria, fought alongside members of ISIL, and had murdered at least three people in the name of ISIL. Al Hardan said he wanted to travel to Syria to join the holy warriors and that he wanted to blow himself up. He took an oath of loyalty to ISIL on film.

12. Electronic equipment and tools that could be used to detonate bombs were found in his home. Bomb-making instructional videos were found on his personal computer. As co-habitants, his parents and wife must have known that he was building circuit boards.

13. Al Hardan is a threat to the community. The agent testified that he planned to do harm, then took steps to bring it about. He bought equipment, tools, watched bomb-making videos, and then *discussed places to plant the bombs.*

14. No condition or combination of conditions of release exist which would assure the appearance of Al Hardan in court or the safety of the community. Detention is ordered.

## Directions Regarding Detention

Al Hardan is committed to the custody of the Attorney General for confinement in a jail separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the jail must deliver the defendant to the United States Marshal for the appearances at all court proceedings.

Signed on January 25, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge